

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

**MATTHEW CASE**
215 East Whipp Road
Centerville, Ohio 45459

      Plaintiff,

vs.

**GTS TRANSPORTATION CORP.**
c/o Matthew P. Connelly, Statutory Agent
321 North Clark Street, Suite 2200
Chicago, Illinois 60654

*Also serve at:*
7545 South Madison Street
Burr Ridge, Illinois 60527

and

**ALFRED WILMENE**
5149 Island Club Drive, #9
Tamarac, Florida 33319

      Defendants.

Case No.: 2:22-CV-74-WOB

JUDGE:

JURY TRIAL DEMANDED

## COMPLAINT

Now comes Plaintiff, Matthew Case ("Plaintiff") and files this Complaint against GTS Transportation Corp. ("Defendant GTS") and Alfred Wilmene ("Defendant Wilmene"):

## I. INTRODUCTION

1. This lawsuit arises due to a motor vehicle accident which occurred on June 10, 2020 in Florence, Kentucky.

2. A motion for *pro hac vice* admission on behalf of Attorney Robert Gresham is being filed contemporaneously with this motion, along with proposed entry, affidavit in support and certificate of good standing.

## II. JURISDICTION AND VENUE

3. Venue is proper in the Eastern District of Kentucky because the incident giving rise to this lawsuit occurred in Boone County, Kentucky, and there is complete diversity of citizenship among the parties.

4. This Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## III. PARTIES

5. Plaintiff, Matthew Case, is an Ohio citizen residing in Montgomery County, Ohio.

6. Defendant GTS Transportation Corp. is an Illinois Corporation authorized to do business in Illinois with its principal corporate offices located in Burr Ridge, Illinois. Defendant GTS can be served with process by serving its registered agent, Matthew P. Connelly, 321 North Clark Street, Suite 2200, Chicago, Illinois 60654.

7. Upon information and belief, Defendant Wilmene is a Florida citizen residing in the City of Tamarack, Florida.

## IV. FACTS

8. On or about June 10, 2020, Plaintiff Matthew Case was a restrained driver of a 2013

Freightliner Cascadia lawfully traveling southbound on Interstate 75 in Florence, Boone County, Kentucky and was stopped in traffic.

9. At the same time and place, Defendant Wilmene was the operator of a 2018 Freightliner Cascadia owned by Defendant GTS and was in the course and scope of his employment with Defendant GTS as a truck driver, when he struck Plaintiff's vehicle, propelling it forward and causing it to strike another vehicle.

## COUNT I

9. Plaintiff re-states and re-alleges the preceding allegations of the Complaint and incorporate them as though fully rewritten herein and states as follows:

10. That on or about June 10, 2020, Plaintiff Matthew Case was lawfully stopped in traffic on Interstate 75 in Florence, Boone County, Kentucky.

11. That at the time and place referred to above, and at all times relevant herein, Defendant Alfred Wilmene was the driver of a commercial vehicle also traveling on Interstate 75.

12. That at the time and place referred to above, and at all times herein, Defendant GTS Transportation Corp. owned the commercial vehicle, Illinois License Plate #P974368, VIN# 3AKJHHDR4JSKB1974, operated by Defendant Alfred Wilmene.

13. That at the time and place referred to above, and at all times herein, Defendant Alfred Wilmene owed Plaintiff a duty to exercise reasonable and ordinary care for his safety in the operation of said commercial motor vehicle.

14. That notwithstanding the duty he owed to Plaintiff, Defendant Alfred Wilmene breached that duty by committing one or more of the following acts or omissions:

    a. Carelessly and negligently failing to yield the right of way; or

    b. Carelessly and negligently failing to maintain a safe distance between motor vehicles on the roadway; or

    c. Carelessly and negligently failing to maintain control of his motor vehicle; or

    d. Carelessly and negligently operating his motor vehicle at an excessive rate of speed; or

    e. Carelessly and negligently failing to avoid a collision on the roadway; or

    f. Carelessly and negligently violating the Federal Motor Carrier Safety Regulations

15. That as a further direct and proximate result of one or more of the foregoing and negligent acts or omissions, Plaintiff sustained serious and permanent personal injuries including:

    a. Serious bodily injury to Plaintiff, including but not limited to, closed head injuries, injuries to Plaintiff's neck, back, and right leg.

    b. Great pain and suffering, both physical and emotional, the loss of ability to perform usual functions, and the injuries will continue to cause pain and suffering in the future; and

    c. Reasonable and necessary medical expenses in an amount yet to be determined, as well as further reasonable and necessary medical expenses to be incurred in the future;

    d. Out of pocket expenses, and

    e. Lost wages.

16. That at the time and place referred to above, and at all times relevant herein, Defendant Alfred Wilmene was an employee and/or agent of Defendant GTS Transportation Corp., and was acting in the course and within the scope of his authority of said employment and/or agency.

**WHEREFORE,** Plaintiff demands judgment against Defendants Alfred Wilmene and GTS Transportation Corp., jointly and severally, for an amount in excess of $25,000.00 plus interest, attorney's fees and the costs of this action.

## COUNT II

17. Plaintiff incorporates each and every allegation contained in the preceding paragraphs as though fully rewritten herein.
18. Defendant Alfred Wilmene, while driving a commercial motor vehicle, diverted his attention from the task of driving, to improperly use his handheld electronic wireless communications device to talk, write, send, or read a text-based communication, and in doing so created an unsafe danger to other drivers, including Plaintiff.
19. Defendant Alfred Wilmene is liable for injuries and losses sustained by Plaintiff, as a proximate result of his failure to pay full attention to the task of driving.

**WHEREFORE,** Plaintiff demands judgment, as to Count II, against Defendant Alfred Wilmene for an amount in excess of $25,000.00 plus interest, attorney's fees and the costs of this action.

## COUNT III

20. Plaintiff re-states and re-alleges the preceding allegations of the Complaint and incorporate them as though fully rewritten herein and states as follows:
21. That on and before June 10, 2020, and that at all times relevant herein, Defendant GTS Transportation Corp. owed Plaintiff a duty to exercise reasonable and ordinary care for safety in hiring, training, scheduling, supervision, and entrustment of its commercial motor vehicles.

22. That notwithstanding the duty that it owed to Plaintiff, Defendant GTS Transportation Corp., by and through its employees and agents, breached that duty by permitting one or more of the following acts or omissions:

    a. Carelessly and negligently entrusting its commercial motor vehicle to an unqualified and unsafe driver; or
    b. Carelessly and negligently failing to provide adequate safety training to its drivers; or
    c. Carelessly and negligently dispatching its drivers at unsafe intervals.

23. That as a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions referred to above, the commercial motor vehicle operated by Defendant, Alfred Wilmene, suddenly and violently struck the motor vehicle occupied by Plaintiff.

24. That as a further direct and proximate result of one or more of the foregoing careless and negligent acts or omissions referred to above, Plaintiff sustained serious and permanent personal injuries causing him to endure great physical and emotional pain and suffering, further causing him to incur large monetary expense in seeking the medical cure, care, and treatment for said injuries, further causing them to lose monetary gains from their employment, further causing them to become disabled and unable to attend to the ordinary affairs of his life.

**WHEREFORE**, Plaintiff prays for judgment, as to Count III, against Defendant GTS Transportation Corp., for the damages naturally and proximately resulting from their negligence, for an amount in excess of $25,000, costs, interests, and expenses.

## COUNT IV

25. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

26. The commercial motor vehicle owned and operated by Defendants Alfred Wilmene and GTS Transportation on June 10, 2020 was a "commercial motor vehicle" as defined by applicable transportation safety regulations prescribed by the U.S. Department of Transportation.

27. Defendants were required to operate said commercial motor vehicle within the traffic laws prescribed by Kentucky Revised Statutes.

28. On June 10, 2020, Defendants were required to operate said commercial motor vehicle in compliance the Federal Motor Carrier Safety Regulations and/or Kentucky Revised Statutes.

29. On June 10, 2020, Defendants were required to operate said commercial motor vehicle in compliance with KRS 189.290, 189.390 and 189.340.

30. As a direct result of Defendants' negligence, Plaintiff suffered, serious injuries, extensive pain, and suffering, both mental and physical.

**WHEREFORE**, Plaintiff prays for judgment against Defendants Alfred Wilmene and GTS Transportation Corp., jointly and severally, for the damages naturally and proximately resulting from their negligence, for an amount in excess of $25,000, costs, interests, and expenses.

## COUNT V

31. Plaintiff re-states and re-allege the preceding allegations of the Complaint as though fully rewritten herein.

32. Defendants were negligent in failing to properly inspect, maintain, and repair the commercial truck driven involved in the collision in question.

33. As a direct result of Defendants' negligence in failing to inspect, maintain, and repair the commercial truck in question, Plaintiff suffered serious injuries, extensive pain and suffering, both mental and physical.

**WHEREFORE**, Plaintiff prays for judgment against Defendants Alfred Wilmene and GTS Transportation Corp., jointly and severally, for the damages naturally and proximately resulting from their negligence, for an amount in excess of $25,000, costs, interest and expenses.

## JURY DEMAND

Plaintiff Matthew Case hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

PLAINTIFF MATTHEW CASE,

By: _____
Attorney for Plaintiff

Robert L. Gresham
Wright & Schulte, LLC
130 W. Second Street, Suite 1600
Dayton, Ohio 45402
Tel. (937) 222-7477
rgresham@yourohiolegalhelp.com